IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD WILLIAMS,

        Petitioner,                    No. CIV S-07-1101 LEW GGH P

   vs.

MIKE EVANS, et al.,

        Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to a 15-year term in state prison upon his conviction for robbery, with an enhancement based on the allegation that he personally used a firearm during the commission of the robbery having been found true. Petition, pp. 1, 14; Answer, p. 1. In his original petition, petitioner sets forth one ground: that the imposition of the upper term based on a prior prison term and on factual determinations that went beyond the bare facts of a prior conviction violated his constitutional rights, citing, inter alia, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Pending before the court is petitioner's motion for a stay and abeyance of his federal petition while he exhausts additional grounds in state court, which respondent has opposed in the answer.

\\\\\

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner identifies as unexhausted the following claims: 1) ineffective assistance of counsel; 2) perjured/impeachable testimony of state witness; 3) suppression of evidence; 4) ineffective assistance of appellate counsel. Motion, p. 1. In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct. at 1535.

However, the court need not evaluate petitioner's expressly unexhausted claims in this case because it appears that the claim in petitioner's original petition is unexhausted, despite petitioner's having proceeded through the state supreme court with the claim. Although respondent concedes that the sole claim of the original federal petition was raised in a petition for review and rejected in the California Supreme Court, respondent challenges petitioner's Blakely claim on the ground, inter alia, of nonexhaustion, based on the recent decision in Cunningham v. California, __ U.S. ___, 127 S. Ct. 856 (2007), which would cast the claim "in a significantly different light," Answer, pp. 17, 24. Respondent is correct that the state supreme court, in denying the petition for review, did so without prejudice. Explicitly, the California State Supreme Court stated:

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

> Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California,....the effect of Blakely v. Washington.... and United States v. Booker (2005) 543 U.S. 20, on California law.

Traverse, p. 47.

That places this case in a fairly unique posture: one wherein, based on a then as-yet-to-be-decided U.S. Supreme Court case, petitioner, while his petition for review is denied, is nevertheless invited to return to seek remedy in the state's highest court, assuming a future determination favorable to petitioner's position.  Because Cunningham, supra,127 S. Ct. at 860, has subsequently been decided, holding that California's determinate sentencing law violates a defendant's jury trial right under the Sixth and Fourteenth Amendments "by placing sentence-elevating factfinding within the judge's province," petitioner's sentencing claim in this court, filed on June 8, 2007, some six months after the January 22, 2007, Cunningham decision, has been rendered unexhausted.  Petitioner, a pro se litigant, does not appear on the face of it to have lacked diligence in his efforts to exhaust his state court remedies for his sentencing claim and, therefore, once he has exhausted this claim by putting it before the state supreme court in light of Cunningham, should he then need to return to federal court, he would appear to be a likely candidate for consideration of equitable tolling of the AEDPA statute of limitations.

The fact that the sole claim that petitioner was originally proceeding upon remains unexhausted does not permit the court to recommend a stay of this matter, as all claims are unexhausted.  Rasperry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  Petitioner should return to state court forthwith to exhaust all claims.  Once petitioner receives a decision from the state supreme court, he may again seek to proceed on a petition setting forth all of his exhausted claims.

Accordingly, IT IS RECOMMENDED that petitioner's June 27, 2007, motion for a stay and abeyance of his petition be denied and the petition be dismissed as unexhausted.

\\\\\

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: 01/16/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
will1101.fr